[No. 11666.   In Bank. — October 1, 1889.]

HONORA McGRATH et al., Respondents, v. ELLEN HYDE, Appellant.

Appeal — Judgment — Review of Evidence. — On an appeal from the judgment not taken within sixty days after its rendition, an exception to the decision on the ground that it is not supported by the evidence cannot be reviewed.

Pleading — Allegation of Non-delivery of Deed. — An allegation in a complaint that if a person named as grantor in a deed "ever signed or acknowledged said instrument, he was forced and unduly influenced to do so by the defendant; and he had not . . . . sufficient strength of mind or body to execute or deliver the said deed, or to understand its provisions or covenants, and the said deed never was delivered . . . . to the defendant," — is a sufficient allegation of the non-delivery of the deed, and upon being denied by the answer, presents an issue on that question.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The action was brought by the plaintiffs, as heirs at law of one Michael Hyde, for the cancellation of a deed purporting to have been executed by him to the defendant. Judgment was rendered in favor of the plaintiffs. The further facts are stated in the opinion of the court.

*S. W. & E. B. Holladay*, and *Craig & Meredith*, for Appellant.

*M. Cooney*, for Respondents.

Sharpstein, J.—The transcript contains a bill of exceptions, and the appeal is from the judgment. The findings were filed on the seventh day of January, 1885, and the notice of appeal on the tenth day of October, 1885.

As the appeal was not taken within sixty days after the rendition of the judgment, we cannot review an exception to the decision on the ground that it is not supported by the evidence. (Code Civ. Proc., sec. 839.)

The finding, "that the said Michael Hyde did not

at any time deliver said deed to said Ellen Hyde, the person named therein as grantor," is attacked by appellant on two grounds: 1. That it is not supported by the evidence; 2. That it is outside the issues.

For reasons already stated, we cannot consider the first of these grounds, and the second, in our opinion, is untenable.

The allegation of the complaint, "that if the said Michael Hyde ever signed or acknowledged the said instrument, he was forced and unduly influenced to do so by the defendant, and he had not then, or at any time since the eighth day of May, 1882, sufficient strength of mind or body to execute or deliver the said deed, or to understand its provisions or covenants, and the said deed never was delivered by said Michael Hyde to the defendant,"—in our opinion, is an allegation of non-delivery of the deed. This and all the other allegations of the complaint were denied by the answer of the defendant. That, we think, presented an issue upon which it was the duty of the court to find.

As the court found upon all the issues, and the findings support the judgment, it must be affirmed.

Judgment affirmed.

McFARLAND, J., FOX, J., THORNTON, J., WORKS, J., and PATERSON, J., concurred.